IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTELA ESPINOZA,           )<br>                                            )<br>         Petitioner,             )<br>                                            )<br>    vs.                               )<br>                                            )<br>SCHELIA A. CLARK, Warden, )<br>                                            )<br>         Respondent.          )<br>_____ ) | No. C 07-5174 CRB (PR)<br><br>ORDER OF DISMISSAL |

      Petitioner, a prisoner at the Federal Correctional Institution in Dublin, California ("FCI Dublin"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the lawfulness of the Bureau of Prisons ("BOP") regulations prohibiting her transfer to a Community Correctional Center ("CCC") until ten percent of her sentence remains. Petitioner claims the regulations, codified at 28 C.F.R. §§ 570.20 and 570.21, are inconsistent with the clear congressional intent articulated in 18 U.S.C. § 3621(b). Petitioner has not exhausted the BOP's administrative appeals process, however.

      Section 2241 does not specifically require petitioners to exhaust available remedies before filing petitions for a writ of habeas corpus. Castro-Cortez v. INS, 239 F3d 1037, 1047 (9th Cir. 2001). Nonetheless, "we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." Id. (citations

omitted). The requirement may be waived in limited circumstances because it is not a jurisdictional prerequisite. Id.; see Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004) (listing circumstances when waiver of exhaustion requirement may be appropriate).

Petitioner claims that the exhaustion requirement should be waived in her case. She argues that exhausting her claim through the BOP's administrative appeals process "would be futile here because the BOP likely would reject Petitioner's appeal based on its official policy that she is challenging." Pet. at 4. She also fears that the process may take too long. The court finds petitioner's arguments unpersuasive.

Petitioner's mere fear that the appeal process may take too long is simply not a sufficient basis to waive the exhaustion requirement. Nor is her unsupported contention that pursuit of administrative remedies would be a futile gesture. Recent cases and actions of the BOP suggest otherwise: All four circuits that have addressed the validity of the BOP policy at issue here, 28 C.F.R. §§ 570.20 and 570.21, have found it invalid. See Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007); Levine v. Apker, 455 F.3d 71 (2d Cir. 2006); Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005). So have the federal district courts in the Ninth Circuit that have so far addressed the issue. See Whistler v. Wrigley, No. C 06-0860-LJO-WMW, 2007 WL 1655787, at *3 (E.D. Cal. June 7, 2007) (listing cases). Not surprisingly, recent habeas cases such as Whistler have been dismissed as moot after the BOP informed the court that it had evaluated the petitioner "'without reference to the time constraints imposed by 28 C.F.R. 570.20-21," and transferred him to a halfway house. Id. at *6. Waiver of the exhaustion requirement is not justified under these circumstances.

1 | The petition for a writ of habeas corpus under § 2241 is DISMISSED
2 | without prejudice to refiling after exhausting the BOP's administrative appeals
3 | process.
4 | The clerk shall close the file and terminate all pending motions as moot.
5 | SO ORDERED.
6 | DATED: Oct. 11, 2007
7 | CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.07\Espinoza, E1.or1.wpd

3